SHAB D. KERENDIAN, STATE BAR NO. 183057
EDRIN SHAMTOB, STATE BAR NO. 301562
**KERENDIAN & ASSOCIATES, INC.**
A Professional Law Corporation
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Phone: (310) 914-4143
Fax:    (310) 914-5441

Attorneys for Plaintiff,
United Products and Technology Limited

# UNITED STATES DISTRICT COURT

## CENTRAL DISCTICT OF CALIFORNIA

| | |
|---|---|
| UNITED PRODUCTS AND TECHNOLOGY LIMITED, a Hong Kong Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> ABOVE EDGE, LLC, a New York Limited Liability Company; JAY FRIED, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR: <br><br> 1. **BREACH OF CONTRACT** <br> 2. **QUATUM MERUIT;** <br> 3. **COMMON COUNT: GOODS AND SERVICES RECEIVED;** <br> 4. **PROMISSORY ESTOPPEL; and** <br> 5. **DECLARATORY RELIEF;** |

Plaintiff, UNITED PRODUCTS AND TECHNOLOGY LIMITED ("Plaintiff"), complains for causes of action against Defendants, ABOVE EDGE, LLC, a New York Limited Liability Company, JAY FRIED, an individual, and DOES 1 through 100 (collectively, the "Defendants'), and alleges as follows:

//

//

//

Page 1

COMPLAINT

# THE PARTIES

1. Plaintiff UNITED PRODUCTS AND TECHNOLOGY LIMITED is, and at all times herein mentioned was, a foreign corporation organized under the laws of Hong Kong with its principal place of business in Hong Kong.

2. Plaintiff is informed and believes, and thereon alleges, that defendant ABOVE EDGE, LLC ("Above Edge"), and at all times herein mentioned was and is a corporation organized under the State of New York, with its principal place of business in the County of Rockland.

3. Plaintiff is informed and believes, and thereon alleges, that defendant JAY FRIED ("Fried") was and is at all times herein mentioned an individual residing in and a resident of the State of New York.

4. The true names and capacities, whether individual, corporate or otherwise, of Does 1 through 100 are presently unknown to Plaintiff and Plaintiff therefore sues the DOE defendants by such fictitious names. Plaintiff is informed and believe, and based thereon alleges, that each of defendant DOES 1 through 100, inclusive, has and/or is assisting, aiding, and abetting Defendants in carrying out the activities complained of herein, or otherwise participated in, contributed to, or is legally responsible in some other manner for the events and occurrences hereinafter alleged, and that Plaintiff' damages, as alleged herein, were proximately caused thereby, and that each such fictitiously named Defendant is liable to Plaintiff thereon. Plaintiff will seek leave to amend this Complaint to allege the DOES' true names and capacities when Plaintiff ascertains them.

5. Plaintiff is informed and believe and based thereon alleges that each of Defendants and Does 1 through 100, inclusive, and each of them (collectively "Defendants") was, and is, the agent, servant or employee of each of the other Defendants and in doing all of the things hereinafter alleged was acting in the capacity of, and as agent of, the other Defendants, within the course, scope and

authority of such agency and employment. The Defendants were the alter ego of one another, and acted in concert, thus responsible jointly and severally for the conduct of one another.

6. Particularly, Plaintiff is further informed and believe, and on that basis allege that Defendant Above Edge was, and now is, a mere sham organized and operated as the alter ego of Fried for his personal benefit and advantage, in that Fried was the sole stockholder, officer and director of Above Edge, there was a unity of interest and ownership, the credit of Defendant Fried was used for the credit of Defendant Above Edge and vice-versa, the obligations of Defendant Fried were paid by Defendant Above Edge, and vice versa, Defendant Fried commingled personal money with money of Defendant Above Edge, withdrew funds of Defendant Above Edge for personal use, failed to maintain minutes or adequate corporate records, and disregarded legal formalities. Injustice and fraud will result if the theoretical entity of the corporate Defendant Above Edge is not disregarded and Defendant Fried is not held liable for the indebtedness of Defendant Above Edge.

7. For the purposes of this Complaint, whenever reference is made to "Defendants", such reference shall be read to include all named and fictitiously named defendants, unless otherwise specifically stated to the contrary.

8. At all times herein mentioned, each named defendant is alleged to be the agent, servant, employee or nominee of each other named co-defendant, and in engaging in the tortious and non-privileged acts complained of by plaintiff, each of said defendants did act within the course and scope of such agency, employment, or nomination, and that subsequent to the commission of the actions complained of by Plaintiff, each such named defendant did approve, condone, and ratify each and every tortious act of their co-defendants which comprise the subject matter of this action, thereby incurring liabilities to plaintiff under the agency doctrine of respondeat superior.

## JURISDICTION

9. This Court has diversity jurisdiction over this action by virtue of 28 U.S.C. Section 1332, as this Complaint involves a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this Court under 28 U.S.C. Section 1381 because the agreements referenced herein were entered into and a substantial number of the events, representations and omissions giving rise to this Complaint occurred in this Judicial District.

## GENERAL ALLEGATIONS

11. In April 2020, Defendants contacted Plaintiff and Plaintiff's agents and inquired into the manufacture and purchase of certain ear loop masks. During these preliminary discussions, Plaintiff expressly conveyed to Defendants that Plaintiff would manufacture and specially produce such products for Defendants based upon the latter's request.

12. On or about April 13, 2020, Defendants entered into an agreement with Plaintiff memorialized in a Purchase Order 1079 (the "Contract"). A true and correct copy of Purchase Order 1079 is attached hereto as Exhibit A and is incorporated hereby by reference as though fully set forth herein.

13. The Contract was negotiated and executed in Los Angeles County, California.

14. Pursuant to the Contract, Defendants agreed to purchase 8,000,000 ear loop masks from Plaintiff (collectively, the "Product" and each a "Unit'). The price per Unit of Product was $.30. Thus, Defendants contractually agreed to pay $2,400,000.00 to Plaintiff in consideration for the production and sale of the Product to Defendants.

15. On or about May 2, 2020, Plaintiff delivered 1,270,000 Units to Defendants.

16. On or about June 18, 2020, Plaintiff delivered the remaining 6,730,000 Units to Defendants.

17. Plaintiff is informed, believes, and thereon alleges that Defendants have only furnished approximately $1,055,000.00 of the $2,400,000.00 payment to Plaintiff.

18. Plaintiff, in an attempt to mitigate its damage, by attempting to resell some Units to third parties.

19. Plaintiff sent several letters and communications to Defendants demanding immediate payment of the outstanding amounts owed under the terms and conditions of the Contract.

20. Despite numerous requests and demands, Defendants have failed and continue to fail to tender further payments for the Units delivered to and received by Defendants.

21. Plaintiff is informed, believes, and thereon alleges that Defendants owe to Plaintiff monies in the amount of no less than $1,345,000.00.

22. Plaintiff is informed, believes, and thereon alleges that Defendants have refused to perform their obligations under the Contract.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

23. Plaintiff refers to and incorporates herein the allegations of all prior paragraphs of the Complaint as though the same was set forth here and again at this point and place.

24. In April 2020, Defendants contacted Plaintiff and Plaintiff's agents and inquired into the manufacture and purchase of certain ear loop masks. During these preliminary discussions, Plaintiff expressly conveyed to Defendants that Plaintiff would manufacture and specially produce such products for Defendants based upon the latter's request.

25. On or about April 13, 2020, Defendants entered into an agreement with Plaintiff memorialized in a Purchase Order 1079 (the "Contract"). A true and correct copy of Purchase Order 1079 is attached hereto as Exhibit A and is incorporated hereby by reference as though fully set forth herein.

26. The Contract was negotiated and executed in Los Angeles County, California.

27. Pursuant to the Contract, Defendants agreed to purchase 8,000,000 ear loop masks from Plaintiff (collectively, the "Product" and each a "Unit'). The price per Unit of Product was $.30. Thus, Defendants contractually agreed to pay $2,400,000.00 to Plaintiff in consideration for the production and sale of the Product to Defendants.

28. On or about May 2, 2020, Plaintiff delivered 1,270,000 Units to Defendants.

29. On or about June 18, 2020, Plaintiff delivered the remaining 6,730,000 Units to Defendants.

30. Plaintiff is informed, believes, and thereon alleges that Defendants have only furnished approximately $1,055,000.00 of the $2,400,000.00 payment to Plaintiff.

31. Plaintiff, in an attempt to mitigate its damage, by attempting to resell some Units to third parties.

32. Plaintiff sent several letters and communications to Defendants demanding immediate payment of the outstanding amounts owed under the terms and conditions of the Contract.

33. Despite numerous requests and demands, Defendants have failed and continue to fail to tender further payments for the Units delivered to and received by Defendants.

34. Plaintiff is informed, believes, and thereon alleges that Defendants owe to Plaintiff monies in the amount of no less than $1,345,000.00.

35. Plaintiff is informed, believes, and thereon alleges that Defendants have refused to perform their obligations under the Contract.

36. Plaintiff has performed all conditions, covenants and promises required to be performed on its part in accordance with the terms and conditions of the Contract.

37. As a result of the breach described above, no less than $1,345,000.00 is due and payable to Plaintiff from Defendants, together with interest at the legal rate of interest.

38. Plaintiff also seeks recovery of its attorneys' fees and costs expended in connection with Defendants' breach of contract to the extent permitted by law.

## SECOND CAUSE OF ACTION
## QUANTUM MERUIT
### (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

39. Plaintiff refers to and incorporates herein the allegations of all prior paragraphs of the Complaint as though the same was set forth here and again at this point and place.

40. At Defendants' express request and for the direct benefit of Defendants, and each of them, Plaintiff tendered $2,400,000.00 of Units to Defendants, for which only $1,055,000.00 has been paid.

41. Thus, Defendants became indebted to Plaintiff for goods delivered and rendered at the special insistence and request of Defendants and for which Defendants promised to pay Plaintiff.

42. The reasonable value of the goods requested and received by Defendant that is unpaid is at least $1,345,000.00.

43. After the manufacture and delivery of the Product to Defendants, Plaintiff has made numerous demands to Defendants for payment.

44. Despite Plaintiff's plenary demands, Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay for the Product rendered and delivered.

45. As a direct and proximate result of Defendants', and each of their actions, at least $1,345,000.00 is due, owing, and unpaid despite Plaintiff's demands.

46. As a result of such conduct described above, no less than $1,345,000.00 is due and payable to Plaintiff from Defendants, together with interest at the legal rate of interest.

47. Plaintiff also seeks recovery of its attorneys' fees and costs expended in connection with Defendants' failure to pay to Plaintiff the amount owed.

COMPLAINT

### THIRD CAUSE OF ACTION
### COMMON COUNT: GOODS AND SERVICES SOLD AND DELIVERED
### (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

48. Plaintiff refers to and incorporates herein the allegations of all prior paragraphs of the Complaint as though the same was set forth here and again at this point and place.

49. At Defendants' express request and for the direct benefit of Defendants, and each of them, Plaintiff tendered $2,400,000.00 of Units to Defendants, for which only $1,055,000.00 has been paid.

50. A total of 6,000,000 Units were delivered by Plaintiff and accepted by Defendants.

51. After the manufacture and delivery of the Product to Defendants, Plaintiff has made numerous demands to Defendants for payment.

52. Despite Plaintiff's plenary demands, Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay for the Product rendered and delivered.

53. The reasonable value of the goods requested and received by Defendant that is unpaid is at least $1,345,000.00.

### FOURTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL
### (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

54. Plaintiff refers to and incorporates herein the allegations of all prior paragraphs of the Complaint as though the same was set forth here and again at this point and place.

55. In April 2020, Defendants contacted Plaintiff and Plaintiff's agents and inquired into the manufacture and purchase of certain ear loop masks. During these preliminary discussions, Plaintiff expressly conveyed to Defendants that Plaintiff would manufacture and specially produce such products for Defendants based upon the latter's request.

56. On or about April 13, 2020, Defendants entered into an agreement with Plaintiff memorialized in the Contract.

57. Pursuant to the Contract, Defendants agreed to purchase 8,000,000 Units from Plaintiff. The price per Unit of Product was $.30. Thus, Defendants contractually agreed to pay $2,400,000.00 to Plaintiff in consideration for the production and sale of the Product to Defendants.

58. In reliance upon Defendants' promises, Plaintiff specially manufactured 8,000,000 units for Defendants.

59. Defendants knew or should have known that based upon Defendants' promises Plaintiff would be reasonably induced to rely upon Defendants' promises to manufacture, ship, and deliver the Product to Defendants.

60. Plaintiff did reasonably and detrimentally rely upon Defendants' promises.

61. As a result of such reasonable reliance, on or about May 2, 2020, Plaintiff delivered 1,270,000 Units to Defendants.

62. As a further result of such reasonable reliance, on or about June 18, 2020, Plaintiff delivered the remaining 6,730,000 Units to Defendants.

63. As a proximate result of Defendants' failure to perform in accordance with their promises made to Plaintiff, Plaintiff has been damaged in an amount of no less than $1,345,000.00.

**FIFTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

64. Plaintiff refers to and incorporates herein the allegations of all prior paragraphs of the Complaint as though the same was set forth here and again at this point and place.

65. In April 2020, Defendants contacted Plaintiff and Plaintiff's agents and inquired into the manufacture and purchase of certain ear loop masks. During these preliminary discussions, Plaintiff expressly conveyed to Defendants that Plaintiff would manufacture and specially produce such products for Defendants based upon the latter's request.

66. On or about April 13, 2020, Defendants entered into an agreement with Plaintiff memorialized in the Contract.

67. The Contract was negotiated and executed in Los Angeles County, California.

68. Pursuant to the Contract, Defendants agreed to purchase 8,000,000 Units from Plaintiff. The price per Unit of Product was $.30. Thus, Defendants contractually agreed to pay $2,400,000.00 to Plaintiff in consideration for the production and sale of the Product to Defendants.

69. On or about June 2, 2020, Plaintiff delivered 1,270,000 Units to Defendants.

70. On or about June 18, 2020, Plaintiff delivered the remaining 6,730,000 Units to Defendants.

71. Plaintiff is informed, believes, and thereon alleges that Defendants have only furnished approximately $1,055,000.00 of the $2,400,000.00 payment to Plaintiff.

72. Defendants have refused and failed, and continue to refuse and fail to tender the remaining $1,345,000.00, in accordance with the terms and conditions of the Contract.

73. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants failure to tender payment for product received and prepared.

74. Plaintiff desires a judicial determination of its rights and duties, and a declaration as to Plaintiff and Defendants with respect to Contract.

75. In particular, Plaintiff desires a declaration that Defendants are obligated to pay Plaintiff an amount in excess of $1,345,000.00 for the product received and product prepared.

76. Plaintiff will suffer detriment, damages, and extreme hardship if no relief is granted, as it risks the loss of its business due to extreme financial loss resulting directly from Defendants' failure to tender payment for product received and prepared.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as against Defendants, and each of them, as follows:

1. For an award of general, special, and consequential damages, including interest at the maximum legal rate thereon, in an amount to be proven at trial, but in no event less than $1,345,000.00;

2. For an award of costs and expenses of suit incurred herein;

3. For an award of attorneys' fees incurred herein, to the extent permitted by applicable law;

4. For a declaration by this Court that Defendants' owe Plaintiff at least $1,345,000.00 pursuant to the Contract; and

5. For such other and further relief as the Court may deem just and proper;

DATED: March 26, 2021                    KERENDIAN & ASSOCIATES, INC.

By: _____
EDRIN SHAMTOB,
Attorney for Plaintiff,
United Products and Technology Limited

COMPLAINT