UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2661-DMG (AFMx)** | Date | November 9, 2022 |
| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 1 of 3 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT THE FINAL PRETRIAL CONFERENCE AND THE RIGHT TO JURY TRIAL DEEMED WAIVED; ORDER SETTING BRIEFING SCHEDULE ON PRETRIAL MOTIONS**

Pursuant to the Scheduling and Case Management Order ("CMO") issued on October 5, 2021, the Final Pretrial Conference ("FPTC") and hearing on Plaintiff's motions *in limine* were scheduled for 2:00 p.m. on November 8, 2022.  [Doc. # 35.]

Approximately 20 minutes before the FPTC, Defendants' counsel, Scott Levenson, filed an improper letter to the Court[1] saying that he would be unable to attend due to a "last-minute personal conflict."  [Doc. # 83 (the "Letter").]  The Letter did not specify the nature of Levenson's "last-minute personal conflict" or why it constituted good cause to miss the appearance.  *Id.*  Levenson also requested a continuance to this Thursday, November 10.  *Id.*

Levenson's Letter violates at least five of the Central District's Local Rules:  7-19 (setting forth the requirements for *ex parte* applications, such as to unilaterally continue the FPTC); 7-20 (requiring a separate proposed order to be lodged with any motion or application); 16-8 ("Each party appearing at the Final Pretrial Conference shall be represented by the attorney (or the party, if appearing pro se) who is then contemplated to have charge of the conduct of the trial on behalf of such party"); 16-9 ("No continuance of the [FPTC] shall be granted merely on the stipulation of the parties"); 83-2.5 ("Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge").  It also violates the Initial Standing Order:  "[c]hanges in dates are disfavored. . . counsel requesting a continuance or extension of time must electronically file a stipulation and lodge a proposed order including a **detailed** declaration of the grounds for the requested continuance or extension of time," and this must be done at least five court days prior to the

---

[1] The letter was erroneously addressed to Magistrate Judge Alexander F. MacKinnon, even though every single order in this case has been issued by the above-captioned District Judge and this appearance was scheduled in her courtroom.  The Court reminds Levenson to proofread any future filings to make sure he is submitting his filing to the correct judge.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2661-DMG (AFMx)** | Date | November 9, 2022 |
| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 2 of 3 |

scheduled date. Initial Standing Ord. at 11 [Doc. # 8]. Last, but not least, Levenson's conduct violates the Scheduling and Case Management Order ("CMO"), which states in terms too clear to be misunderstood: "[u]nless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead trial counsel." CMO at 4 [Doc. # 35].

When the case was called, Plaintiff's counsel made a brief appearance and represented to the Court that Levenson had erroneously assumed that the FPTC was going to be held on Zoom, and had not made travel arrangements to attend in-person in Los Angeles.[2] If true, at best, this is professional negligence that violates Levenson's ethical obligations to his clients. *See, e.g.*, N.Y. Rules of Professional Conduct § 1.3 ("a lawyer shall act with reasonable diligence and promptness in representing a client" and "shall not neglect a legal matter instructed to the lawyer"). At worst, it is an intentional misrepresentation to the Court—it is a stretch to equate a so-called "last-minute personal conflict" with a logistical oversight such as this one.

In the Court's prior order granting Levenson *pro hac vice* status, it "strongly admonishe[d]" his behavior in this case and reminded him that "*pro hac vice* status is a privilege and not a right" which "he should not abuse. . . lest it be rescinded." Ord. re Attny. Scott Levenson's *Pro Hac Vice* Status at 2 [Doc. # 49]. Failure to appear for a scheduled court hearing is the type of action that could merit revocation of that privilege.

If Levenson had provided even a modicum of good cause, or made any reasonable effort to handle the situation in accordance with the Local Rules, CMO, and Standing Order, he would likely have been permitted to appear on Zoom. The Court has reviewed the parties' pretrial filings and does not believe that the parties in this case are trial-ready. Defendants did not submit timely and proper jury instructions in conformance with the CMO, and therefore may have waived their right to a jury trial. Since Levenson's behavior prevented the Court from directly addressing these matters directly with the parties, the Court now **ORDERS** the parties to submit briefs on the following issues, pursuant to Local Rule 16-10:

(1) Whether the Court should apply the UN Convention on Contracts for the Int'l Sale of Goods (CISG) to the purported contract;
(2) Whether Jay Fried can be held liable for the actions of Above Edge, LLC;

---

[2] This account is corroborated by the fact that a member of Levenson's staff improperly called the Court at 8:33 a.m. the morning of the FPTC to inquire whether it was to be held in person or on Zoom. Judge Gee's "Schedules and Procedures" landing page states in bold and capital letters that **ALL HEARINGS SHALL PROCEED IN-PERSON, UNLESS OTHERWISE ORDERED BY THE COURT**. U.S. District Court of the Central District of California, *Judges' Procedures and Schedules*, https://www.cacd.uscourts.gov/judges-schedules-procedures (last visited Nov. 9, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2661-DMG (AFMx)** | Date | November 9, 2022 |
| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 3 of 3 |

(3) Whether Imperial Glove and Safety is an indispensable party to this case. *See* Fed. R. Civ. P. 19.

Since Defendants improperly have raised each of these issues in the proposed Final Pretrial Conference Order rather than in pretrial motions, they shall file a single trial brief addressing all three of them by **November 23, 2022**. Plaintiff shall file an Opposition by **December 7, 2022**. Any Reply must be filed by **December 14, 2022**. All trial briefs shall comply with the requirements of Local Rule 11-6 and any other relevant provision. Failure to comply with this briefing schedule or follow the Local Rules shall constitute a waiver of any arguments related to these three issues at trial. After reviewing the parties' trial briefs, the Court shall issue a new CMO setting forth a new trial date and deadline for amended pretrial filings, if necessary.

Additionally, the Court **ORDERS** Defendants' counsel to show cause why monetary sanctions should not be imposed upon him personally for failing to appear at the Final Pretrial Conference, including payment of opposing counsel's reasonable fees and costs for his appearance at the FPTC. Defendants also shall address why the Court should not find that they have waived their right to a jury trial for failure to comply with the CMO (*see* CMO at 10, ¶ 8) and why Scott Levenson's *pro hac vice* status should not be revoked. Defendants shall file their response no later than **November 16, 2022**.

**IT IS SO ORDERED.**