UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2661-DMG (AFMx)** | Date | November 21, 2022 |
|---|---|---|---|

| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DISCHARGING OSC RE FAILURE TO APPEAR AT FINAL PRETRIAL CONFERENCE [85]**

On November 9, 2022, the Court ordered Defendants' counsel, Scott Levenson, to show cause why he should not be sanctioned ("OSC") for his failure to appear at the Final Pretrial Conference on November 8, 2022. [Doc. # 85.] On November 16, 2022, Levenson filed a timely response. [Doc. # 90 ("OSC Resp.").] Having reviewed and considered the OSC Response, the Court will invoke its inherent power to issue monetary sanctions against Levenson in the amount of $750. *See* C.D. Cal. L.R. 83-3.1 ("Nothing contained in these Rules shall be construed to deny the Court its inherent power to maintain control over the proceedings conducted before it").

The Court finds that Levenson acted in bad faith by representing to the Court that he had a "last-minute personal conflict" preventing his attendance at the Final Pretrial Conference. [Doc. # 83 (the "Letter").] *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) ("The Ninth Circuit requires a "finding of bad faith before sanctions may be imposed under the court's inherent power."). His erroneous assumption that the Conference would be held virtually, which he did not care to verify until the morning of, does not constitute a "last-minute personal conflict." His OSC Response focuses on arguing—with no supporting evidence—that it was reasonable for him to assume that he could make a virtual appearance. OSC Resp. at 7–9.[1]

But that argument misses the point. The reasonableness of that assumption is not the issue here. Rather, he "engaged deliberately in deceptive practices that undermine[d] the integrity of judicial proceedings" when he submitted a vague and misleading statement to the Court in the Letter approximately 20 minutes before the hearing, instead of truthfully admitting his mistake and asking to appear by video. *Anheuser–Busch, Inc. V. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (collecting cases). Had he been truthful, the Court likely would have proceeded with the hearing, with Levenson on videoconference. Instead, Levenson deprived the Court of that option by unilaterally absenting himself from the proceeding.

---

[1] All page numbers herein refer to those inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2661-DMG (AFMx)** | Date | November 21, 2022 |
|---|---|---|---|

| Title | ***United Products and Technology Limited v. Above Edge, LLC, et al.*** | Page | 2 of 2 |
|---|---|---|---|

Finally, Levenson once again ignored this Court's Initial Standing Order when he noticed his motion to dismiss for hearing on Tuesday, December 6. Initial Standing Ord. at 3 ("This Court hears motions on **Fridays, beginning at 9:30 a.m.**") (emphasis in original) [Doc. # 8]. The hearing on Defendants' motion to dismiss shall be continued to **Friday, December 16, 2022 at 9:30 a.m**. Plaintiffs shall file an Opposition no later than **Monday, November 28, 2022**. Any reply shall be filed by **Monday, December 5, 2022**. The December 6, 2022 trial date is **VACATED** and a new trial date will be set, if necessary, after the Court issues an order on the motion to dismiss.

In light of the foregoing, the Court orders Scott Levenson to pay monetary sanctions in the amount of $750, payable to the Clerk of Court, within 30 days of this Order. The November 9, 2022 OSC is otherwise **DISCHARGED**.

**IT IS SO ORDERED.**