UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2661-DMG (AFMx) | Date | February 3, 2023 |
|---|---|---|---|
| Title | United Products and Technology Limited v. Above Edge, LLC, et al. | Page | 1 of 5 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [86]**

**I.
INTRODUCTION**

On March 26, 2021, Plaintiff United Products and Technology Limited ("United Products") filed a Complaint against Defendants Above Edge, LLC ("Above Edge") and Jay Fried asserting various state law tort claims related to Defendants' alleged breach of their contract for the sale of 8,000,000 ear loop masks in 2020. *See generally* Compl. [Doc. # 1.] Defendants brought several counterclaims related to United Products' alleged breach of the implied warranties of fitness for a particular purpose and merchantability. [Doc. # 23.]

On November 9, 2022, Defendants filed a Motion to Dismiss ("MTD") the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to lack of complete diversity between the parties. [Doc. # 86.] The motion is fully briefed. [Doc. ## 97 ("Opp."), 99 ("Reply").]

United Products asserts subject matter jurisdiction based on the existence of complete diversity. *See* 28 U.S.C. § 1332; *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008). Plaintiff is a limited liability company ("LLC") and is therefore a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). United Products is a foreign corporation organized and based in Hong Kong, and the Complaint does not allege the citizenship of its members. Compl. ¶ 1. Fried is a resident of New York who allegedly owns and controls Above Edge, a New York limited liability company of which he is the sole shareholder and officer. *Id.* ¶¶ 2, 3, 6.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2661-DMG (AFMx) | Date | February 3, 2023 |
| Title | United Products and Technology Limited v. Above Edge, LLC, et al. | Page | 2 of 5 |

## II.
## LEGAL STANDARD

Under Rule 12(b)(1), a defendant may raise either a facial or a factual challenge to a federal court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual attack, such as the one Defendants raise here, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When resolving a factual attack, the court may "look beyond the complaint" and consider affidavits or other evidence properly before it without converting the motion to dismiss into one for summary judgment. *Id*. "Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no hearing is held), a plaintiff need only establish a prima facie case of jurisdiction." *Rancheria v. Bonham*, 872 F. Supp. 2d 964, 968 (N.D. Cal. 2012) (citing *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985)).

On a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citations omitted). For jurisdictional purposes, domicile is determined as of the time the lawsuit is filed. *Id*. It is well established that domicile is determined by "fixed habitation of abode in a particular place, and an intention to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). Tangible factors which reflect this intent include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2661-DMG (AFMx) | Date | February 3, 2023 |
|---|---|---|---|
| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 3 of 5 |

## III.
## DISCUSSION

Defendants contend that the Court must dismiss this action because Fei "Frank" Qiu,[1] the sole member of United Products, is a U.S. citizen living in Hong Kong. Their Motion argues that Plaintiff has not met its burden to allege complete diversity of the parties because Qiu is stateless for diversity purposes. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (declining to find diversity jurisdiction where Defendant was a United States citizen domiciled abroad). The Complaint merely alleges that United Products is "a foreign corporation organized under the laws of Hong Kong with its principal place of business in Hong Kong." Compl. ¶ 1. Defendant, with their motion, submitted a document it claims to be an official government record from Hong Kong showing "Fei Qiu" as the sole member of the LLC. MTD, Ex. A at 1 [Doc. # 86-2]. Defendants also argue—without evidence—that Plaintiff's counsel told them that Frank Qiu lives in Hong Kong. MTD at 6–7.

Rule 8 requires that a federal complaint predicated on diversity jurisdiction must contain allegations as to the citizenship of each party, and thus Plaintiff was required to allege the citizenship of Qiu—and any other members of the partnership—in its original pleadings. Fed. R. Civ. P. 8(a)(1); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012). Plaintiff's failure to do so renders the Complaint defective on its face. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (the court must consult the citizenship of all members of an LLC to determine whether diversity jurisdiction exists); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) (location, headquarters, and principal place of business irrelevant to corporate citizenship of LLC) (citation omitted). Since Defendants' motion brings a factual attack to Plaintiff's pleadings, the Court may look at extrinsic evidence to determine whether it has jurisdiction. *Safe Air for Everyone*, 373 F.3d 1035.

In response, Plaintiff submitted a lengthy sworn declaration from Frank Qiu, averring that he is domiciled in and is a resident of the State of Virginia, even though he has recently spent "an inordinate amount of time in China because of the onerous travel restrictions imposed by the Chinese government for individuals attempting to enter and exit the country" due to the COVID-19 pandemic. Decl. of Fei (Frank) Qiu ISO Pl.'s Opp. to Defs.' MTD ¶ 23 [Doc. # 97-1 ("Qiu Decl.")]. He states that he "only travels for business purposes" and his intent "is and always has been to continue [his] residence in the State of Virginia." *Id.* As supporting documentation, he

---

[1] Both parties are inconsistent in their spelling of Qiu's name, sometimes referring to him as "Qui." Since his signature on his declaration appears to spell his last name "Qiu," and that spelling is reflected in many of his legal documents in his evidentiary submission, the Court uses that spelling throughout this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2661-DMG (AFMx) | Date | February 3, 2023 |
| Title | United Products and Technology Limited v. Above Edge, LLC, et al. | Page | 4 of 5 |

submitted copies of his Virginia drivers' license, evidence of ownership of a house in Virginia, Virginia tax return, and other miscellaneous bills showing Virginia addresses. [Doc. # 91-1.]

Defendants' Reply attempts to cast doubt on the truthfulness of Plaintiff's evidence. They argue that Qiu's evidence may show that he owns property in Virginia, but he has redacted all relevant information showing where he actually spends his time. Reply at 10–13. It may be true that Qiu spends more time in Hong Kong than in Virginia, but that is not the test for assessing a person's domicile.

Instead, the Ninth Circuit looks to the location of a person's permanent home—*i.e.*, "where (i) she resides, (ii) 'with the intention to remain or to which she intends to return.'" *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 886 (S.D. Cal. 2021) (quoting *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020)). "[A] person's residence constitutes *some* evidence of domicile," but it is not the whole test. *Id.* The second prong also requires consideration of where a person "has established 'a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew*, 797 F.2d at 749–50 (quoting *Owens v. Huntling,* 115 F.2d 160, 162 (9th Cir. 1940)).

To determine an individual's domicile, courts use evidence such as "current residence, voting registration and voting practices, location of personal and real property, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. In addition to his declaration, Qiu submits much of this type of documentary evidence proving his intent to return to, and remain in, Virginia. *See* Qiu Decl., Exs. A (title to property located at 733 Byrd Park Ct., Richmond, VA 23220) at 7–16, B (valid Virginia driver's license) at 18, C (current homeowner's insurance policy) at 20, D (recent utility bills) at 22–29, E (recent water bills) at 31–35, F (recent property tax bills) at 37–38, G (federal tax returns with Virginia address) at 42–46, I (heavily redacted document appearing to be State of Virginia income tax returns) at 48–49 [Doc. # 97-1].

The Court might "accord[] little weight" to Qiu's declaration stating his intent to remain in Virginia "if in conflict with objective fact," but here, Qiu's declaration is not in conflict with the "objective" fact evidence he provided. *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991). Defendants have not provided any evidence that contradicts Qiu's stated intent to remain there. The Court determines that Qiu has met his burden to establish that he is a U.S. citizen domiciled in Virginia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2661-DMG (AFMx) | Date | February 3, 2023 |
|---|---|---|---|
| Title | *United Products and Technology Limited v. Above Edge, LLC, et al.* | Page | 5 of 5 |

## IV.
## CONCLUSION

In light of the foregoing, Defendants' MTD is **DENIED**.[2]  By  no later than **February 24, 2023**, the parties shall meet and confer and file a Joint Status Report with a proposed new trial date.

**IT IS SO ORDERED.**

---

[2] As of the date of this Order, Defendants' counsel, Scott Levenson, has not paid the Clerk of the Court the $750 in sanctions the Court previously ordered in response to his failure to appear for the Final Pretrial Conference in this case.  [Doc. # 91.]  Continued failure to pay those sanctions may result in disciplinary action.