UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2661-DMG (AJRx)** | Date | August 18, 2026 |
|---|---|---|---|
| Title | ***United Products and Technology Limited v. Above Edge, LLC, et al.*** | Page | 1 of 2 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| | |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON DEFENDANTS FOR FAILURE TO MAKE DISCLOSURES OR COOPERATE IN DISCOVERY**

Trial in this matter is set for September 22, 2026 on the sole remaining issue of whether Defendant Jay Fried can be held liable under the contract in his individual capacity. [Doc. #156.] On August 4, 2026, Plaintiff United Products and Technology Limited ("United Products") filed a motion *in limine* to exclude all evidence, documents, and witnesses not disclosed or produced in discovery by Defendants Above Edge, LLC and Jay Fried and moved for sanctions under Federal Rule of Civil Procedure 37(c)(1) [Doc. # 168 ("MIL No. 1").] The Final Pretrial Conference is set for August 25, 2026. [Doc. # 158.]

Plaintiff seeks to preclude Defendants Above Edge, LLC and Jay Fried, and their counsel, witnesses, and experts, from offering, mentioning, referring to, or attempting to introduce at trial any evidence, document, or testimony that was not disclosed under Rule 26(a) or (e) or produced in response to Plaintiff's discovery requests, including all material within the scope of July 16, 2026 discovery order by Hon. A. Joel Richlin, United States Magistrate Judge. MIL No. 1 at 10.[1]

Under Rule 37(c)(1)(C), after a party fails to provide information or identify a witness, the Court may disallow the party to use that information or witness at trial and may also impose additional sanctions it deems appropriate. Possible sanctions include the rendering a default judgment against the disobedient party. Fed. R. Civ. Pro. 37(b)(2)(A)(vi).

Defendants failed to provide information or identify a witness in violation of Rules 26(a) and (e) even after being admonished and directed to by Judge Richlin in a discovery order issued on July 16, 2026 following a June 24, 2026 informal discovery conference. [Doc. # 167.] Furthermore, Defendants failed to cooperate with Plaintiff in filing the necessary pretrial documents that were supposed to be filed jointly, including the Joint Exhibit List, Pretrial Exhibit

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

Stipulation, and the Proposed Pretrial Conference Order. [Docs. # 170, 171, 173.] Instead, Plaintiff was forced to file these pretrial documents unilaterally without any input from Defendants in order to ensure they were timely filed in compliance with the Court's January 15, 2026 Order. [Doc. # 158]. Without such jointly filed pretrial documents, this matter is not trial ready and cannot proceed to trial.

As such, the Court finds it appropriate to consider whether it should render default judgment for Plaintiff due to Defendants' failure to disclose information, to obey a discovery order, and to participate in the filing of the necessary joint pretrial documents. *See Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136,1146-48 (9th Cir. 2024) (upholding default judgment based on defendant's "inexcusable" violations of discovery orders).

Defendants Above Edge, LLC and Jay Fried are **ORDERED TO SHOW CAUSE** in writing by **August 21, 2026** why the Court should not impose sanctions (including default judgment) upon them**.** The hearing on the Order to Show Cause shall be held on **August 25, 2026** at **2:00 P.M**. Defendants' failure to file a timely satisfactory response will result in the entry of default against Defendants.

**IT IS SO ORDERED**.