UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2661-DMG (AJRx)** | Date | September 22, 2026 |
| Title | ***United Products and Technology Limited v. Above Edge, LLC, et al.*** | Page | 1 of 1 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST DEFENDANT JAY FRIED IF HE FAILS TO APPEAR FOR TRIAL**

Trial is scheduled to commence in this matter on September 23, 2026 at 2:00 P.M. The Parties lodged their proposed Final Pretrial Conference Order on September 18, 2026. [Doc. # 197-1 ("Proposed FPTCO").] Defendant Jay Fried is listed as a witness in Plaintiff's Witness List. [Doc. # 173.] In the Proposed FPTCO, filed on September 18, 2026, Fried maintains that he has not received a trial subpoena and does not plan to appear at and testify at trial. Proposed FPTCO at 20. Yet, during the August 25, 2026 Final Pretrial Conference, Fried's lead counsel Scott Levenson stipulated with Plaintiff's counsel that Fried would appear at trial virtually. [Doc. # 179.] No portion of the stated stipulation was conditioned on the service of a subpoena on Fried. The Court attempted to hold a status conference on September 22, 2026 to resolve the issue of Fried's appearance at trial, but Fried's lead counsel has been unreachable.

As such, the Court finds it appropriate to consider whether, among other sanctions, it should enter default for Plaintiff if Fried fails to appear at trial. *See Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1122 (9th Cir. 2010) ("A district court generally does not have to conduct a trial before it can enter a default judgment against a defendant who fails to appear.").

In light of the foregoing, Fried is **ORDERED** to appear at trial virtually on September 23 and/or 24, 2026 as agreed upon by counsel or, in the alternative, Fried is **ORDERED TO SHOW CAUSE** in writing by September 23, 2026 why the Court should not impose sanctions (including but not limited to entry of default) upon him for his failure to appear at trial. Fried's failure to make a virtual appearance at trial to testify or to file a timely satisfactory response will result in the imposition of sanctions, including but not limited to entry of default against Fried.

**IT IS SO ORDERED**.